UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JOSEPH ARTI,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. EDCV 12-661 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Stephen Joseph Arti filed this action on May 15, 2012. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on June 14 and 15, 2012. (Dkt. Nos. 9, 10.) On December 11, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

**I.**

**PROCEDURAL BACKGROUND**

On October 30, 2008, Arti filed applications for disability insurance benefits and supplemental security income, alleging an onset date of January 1, 2001.

Administrative Record ("AR") 16. The applications were denied initially and on reconsideration. AR 16, 76-79. Arti requested a hearing before an Administrative Law Judge ("ALJ"). AR 94. On September 8, 2010, the ALJ conducted a hearing at which Arti, his father, and a vocational expert testified. AR 31-75. On November 5, 2010, the ALJ issued a decision denying benefits. AR 16-25. On March 6, 2012, the Appeals Council denied the request for review. AR 1-4. This action followed.

## II.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

2

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B.    The ALJ's Findings

The ALJ found Arti has the severe impairments of affective disorders and obesity.  AR 18.  He does not have an impairment or combination of impairments that meet or equal one of the listed impairments.  *Id.*  He has the residual functional capacity ("RFC") to perform sedentary work, except he is limited to simple routine repetitive tasks.  AR 20.  He is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform such as addresser, telephone quotation clerk, and order clerk, food and beverage.  AR 23-24.

### C.    The ALJ's RFC Determination

Arti contends the ALJ did not properly assess his RFC because the ALJ failed to include limitations involving his right dominant upper extremity and limitations involving contact with co-workers, supervisors and the public.

The RFC determination measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).  The RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a).  It is an administrative finding, not a medical opinion.  20 C.F.R. § 404.1527(e)(2).  The RFC takes into account both exertional limitations and non-exertional limitations.  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted).  Even if an impairment is considered non-severe, in determining a claimant's residual

functional capacity, the ALJ must consider the limiting effects of all of the claimant's impairments. 20 C.F.R. § 416.945(e); SSR 96-8p.

The ALJ found that Arti has the RFC for sedentary work, except he is limited to simple routine repetitive tasks. AR 20.

Arti argues the ALJ disregarded his diagnosis of carpal tunnel syndrome. He argues he is incapable of frequent reaching, handling, and fingering, which are required in the addresser, telephone quotation clerk, and order clerk jobs. *Id*. The ALJ noted that a May 2009 nerve conduction study of the right upper extremity indicated "a moderate degree of carpal tunnel syndrome, but the clinical evidence does not support any limitations." AR 21, 399. The Commissioner correctly argues that Arti fails to cite evidence of any functional limitations related to his right upper extremity. "[T]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). A claimant must show he is precluded in engaging in substantial gainful activity by reason of his impairments. *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). It is the claimant's duty to prove he is disabled. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *see* 42 U.S.C. § 423(d)(5)(A) (claimant must furnish medical and other evidence of his disability).

The record contains references to carpal tunnel syndrome, various complaints of numbness, tingling, scaling and itching, and use of a splint for the right hand. AR 367-70, 393-99, 410. However, the record contains no medical evidence of functional limitations relating to Arti's right upper extremity. Arti's treating doctor, Dr. Avagimov, did not report any functional limitations related to Arti's right upper extremity. AR 434. Dr. Lin, who performed a complete internal medicine evaluation in July 2006, assessed no functional limitations. AR 245. Dr. Fabella, who performed a complete internal medicine evaluation in February 2009, assessed that Arti was capable of medium work and found no manipulative

4

limitations. AR 334. Substantial evidence supports the ALJ's decision not to include functional limitations involving Arti's right dominant upper extremities.

Arti argues the ALJ erred by not including any limitations on his ability to interact with others, which he contends would significantly erode his job base.[1]

The ALJ found that Arti had mild limitations in social functioning. AR 19. The ALJ gave "significant weight" to the opinions of Dr. Smith and Dr. Larson, who performed complete psychiatric evaluations in July 2006 and March 2009, respectively. AR 248-55, 337-43. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ noted that "[a]lthough Dr. Smith felt [Arti] had mild to moderate limitation interacting with supervisors, coworkers, and the public, she also noted [Arti] did fair to well interpersonally." AR 22-23, 253-54. The ALJ noted that Dr. Larson assessed Arti more recently with "only mild limitation in interacting appropriately with supervisors, coworkers, and the public." AR 23, 343. The ALJ was not required to equate a mild limitation, or even a mild to moderate limitation, with a restriction on such interaction. The ALJ noted that the nonexamining State Agency consultants, Dr. Gross and Dr. Brooks, found that medical records supported a mental RFC of nonpublic simple repetitive tasks. AR 22, 365, 381. However, "'[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.'" *Ryan*, 528 F.3d at 1202 (citation omitted) (emphasis in original). Moreover, the social security regulations do not equate even moderate mental

---

[1] Arti also argues that if Dr. Gross' assessment is credited, he would be incapable of performing the occupations identified by the VE because they require more than 1-2 step tasks. Given that the 1-2 step limitation is not supported by the other medical evidence in the record, Dr. Gross' opinion regarding 1-2 step tasks may not serve as substantial evidence. *Ryan v. Comm'r*, 528 F.3d 1194, 1202 (9th Cir. 2008).

5

limitations with an inability to perform gainful work activity.  20 C.F.R. § 416.920a(c)(4).

Even assuming the ALJ erred, "[r]eversal on account of error is not automatic."  *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).  "The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights."  *Id*.  Among the case-specific factors to be considered is "'an estimation of the likelihood that the result would have been different.'"  *Id.* (citation omitted).  Arti has not shown prejudice.  According to the Dictionary of Occupational Titles, the addresser position lists "People: 8 – Taking Instructions – Helping N – Not significant."  DOT 209.587-010, 1991 WL 671797.  Arti has not shown that he would be precluded from this work even assuming some limitation on his interaction with the public.

### D. Treating Physician

To the extent Arti contends that the ALJ failed to properly consider the opinion of his treating physician, Dr. Avagimov, his claim fails.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn*, 495 F.3d at 631.  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas*, 278 F.3d at 956-57 (citation and quotation marks omitted).

In a letter dated September 17, 2010, Dr. Avagimov stated he has known Arti for four years. AR 434. Arti has diabetes complicated by neuropathy and nephropathy, hypertension, Dyslipidemia, morbid obesity with obstructive sleep apnea, requiring a CPAP machine at night. AR 21-22, 434. Arti "always has fatigue, general weakness and difficulties to maintain employment" because of his medical condition and side effects from multiple medications. AR 21, 434. Arti also has a history of bipolar disorder. AR 434.

A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011); 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). The ALJ found that neither the treatment records nor the consultative evaluations supported Dr. Avagimov's opinion that Arti cannot maintain employment. AR 21-22. An ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Dr. Avagimov's treatment records do not contain clinical findings that support his opinion that Arti cannot work. AR 276-307, 320-23, 367-76, 392-407, 409-12.

The ALJ relied upon the consultative evaluations of Dr. Lin, Dr. Fabella, Dr. Smith and Dr. Larson, which do not support Dr. Avagimov's opinion that Arti cannot work. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn*, 495 F.3d at 632. On July 14, 2006, Dr. Lin examined Arti and found no functional limitations from an internal medicine point of view. AR 241-45. On February 25, 2009, Dr. Fabella examined Arti and found that he could lift or carry 50 pounds occasionally and 25 pounds frequently, could stand or walk for 6 hours, and could frequently stoop or bend. AR 330-34. On July 17, 2006, Dr. Smith conducted a complete psychiatric evaluation and found no impairment in Arti's ability to understand, remember or

complete simple commands, and mild impairments in his ability to understand , remember or complete complex commands, interact appropriately with others, comply with job rules, respond to change in the normal workplace setting, and maintain persistence and pace. AR 248-54. On March 9, 2009, Dr. Larson conducted a mental evaluation of Arti and found no impairment in Arti's ability to understand, remember and complete simple or complex commands or comply with job rules, and mildly impaired in the ability to interact appropriately with supervisors, coworkers or the public, respond to change in the normal workplace setting, and maintain persistence and pace in a normal workplace setting. AR 337-43. The ALJ properly rejected the unsupported opinion of Dr. Avagimov.

### E. Credibility

Arti contends the ALJ failed to properly assess his credibility.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Arti's medically determinable impairments could reasonably be expected to produce the alleged symptoms. AR 21.

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). Here, the ALJ

found that Arti's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC assessment. AR 21.

In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." *Bunnell*, 947 F.2d at 346 (citing SSR 88-13) (quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas*, 278 F.3d at 958-59.

It is not clear how the ALJ assessed Arti's credibility. The ALJ appears to have at least partially credited Arti's statements in making the RFC assessment. On the other hand, it is likely the ALJ discounted his credibility to the extent Arti's subjective allegations were inconsistent with the RFC assessment. The court cannot discern from the decision the ALJ's reasons for discounting Arti's credibility. *See Lingenfelter*, 504 F.3d at 1036. On remand, the ALJ must clarify his reasoning. The court notes that although lack of supporting objective medical evidence is a factor that may be considered, an ALJ cannot rely solely on this factor to discount credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

**F.     Lay Witness Testimony**

Arti contends the ALJ improperly discounted the Third Party Function Report of his father, Louis Arti, with "no credibility analysis."

9

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). "When an ALJ discounts the testimony of lay witnesses, 'he [or she] must give reasons that are germane to each witness.'" *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (citation omitted). Because this matter is being remanded, the ALJ is free to reconsider the lay witness statement.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: June 3, 2013

_____
ALICIA G. ROSENBERG
United States Magistrate Judge